**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LEISA PERRY, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-313 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| DEPARTMENT OF VETERANS AFFAIRS, | : | Magistrate Judge Caroline H. Gentry |
| Douglas A. Collins, Secretary, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

---

**ENTRY AND ORDER SUSTAINING DEFENDANT'S MOTION TO DISMISS,**
**OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (DOC. NO. 5);**
**GRANTING PLAINTIFF LEAVE TO AMEND HER COMPLAINT WITH**
**JURY DEMAND (DOC. NO. 1), IN LIEU OF DISMISSAL**

---

This matter is currently before the Court on the Motion to Dismiss or, in the Alternative, for Summary Judgment (the "Motion") (Doc. No. 5), filed by the Defendant Department of Veterans Affairs, through Secretary Douglas A. Collins (the "Defendant") pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  Plaintiff Leisa Perry ("Perry") has brought the instant Title VII employment action, taking issue with a damages determination made at the administrative level after Defendant found Perry had been subjected to *per se* reprisal, in violation of the law.  (Doc. No. 1 at PageID 2.)  Defendant's Motion posits that Perry's Complaint with Jury Demand (the "Complaint") (Doc. No. 1) is jurisdictionally deficient on its face because Perry has failed to properly name the Defendant or plead a waiver of Defendant's sovereign immunity.  (Doc. No. 5 at PageID 35-37.)  Alternatively, Defendant argues that Perry has not pled sufficient facts to state a claim for relief.

1

(*Id.* at PageID 37-38.)  As set forth herein, the Court **SUSTAINS** Defendant's Motion, but **GRANTS** Perry **LEAVE TO AMEND** her Complaint in lieu of dismissal.

## I.   BACKGROUND

Perry is now, and was at all times relevant here, an employee of the Dayton Veterans Administration Medical Center (the "Local VA").  (Doc. No. 1 at PageID 1-2.)  She alleges that, on September 27, 2024, Defendant's Office of Employment Discrimination Complaint Adjudication issued a decision finding that Perry had been subjected to *per se* reprisal in the course of her employment at the Local VA.  (*Id.*)  That office then allegedly ordered a separate Office of Resolution Management to conduct a supplemental investigation to determine the amount of damages Perry suffered due to reprisal.  (*Id.* at PageID 2.)  On June 25, 2025, after considering Perry's evidence, the law, and past decisions, the Office of Resolution Management purportedly found that Perry is entitled to non-pecuniary compensatory damages in the amount of $1,500.00. (*Id.* at PageID 2, 5-11.)  Upon reaching its conclusion on the issue of damages, the Office of Resolution Management advised Perry of her right to file suit within 90 days of the final agency decision.  (*Id.* at PageID 13.)

Perry disagrees with this administrative determination on damages, claiming that she is instead entitled to compensatory damages, both pecuniary and non-pecuniary, in excess of $100,000.00. (*Id.* at PageID 2.)  Accordingly, Perry filed her Complaint in this Court on September 23, 2025.  (Doc. No. 1.)  In her Complaint though, Perry has not alleged any theory of liability underpinning her disagreement.  At most, she states that "[t]his is an action pursuant to a [f]inal [a]gency [d]ecision arising out of a 42 U.S.C. § 2000(e) action seeking compensatory damages for [Perry] against Defendant."  (*Id.* at PageID 1.)

Defendant submitted his instant Motion for the Court's consideration on February 7, 2026. (Doc. No. 5.) Following extensions of time afforded to both Parties, Perry filed her response in opposition to the Motion on April 10, 2026 (Doc. No. 8), and Defendant replied on May 1, 2026 (Doc. No. 10). Defendant's Motion is now ripe for review and decision.

## II. STANDARD OF REVIEW[1]

Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally fall into one of two categories: facial attacks or factual attacks. *Ohio Nat'l. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack questions the sufficiency of the pleading. *Id.* In reviewing a facial attack, a trial court takes the allegations in the complaint as true. *Id.* If those allegations adequately establish jurisdiction, then the court will find that jurisdiction exists. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (internal citations omitted). In any event, the party asserting jurisdiction has the burden of proving as much. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). This burden must be satisfied by a preponderance of the evidence. *Wright v. United States*, 82 F.3d 419 (6th Cir. 1996).

## III. ANALYSIS

As an initial matter, the Court would confine its analysis of Defendant's Motion to the issue of subject matter jurisdiction. In particular, the Court narrows that issue to a consideration of Defendant's claim to sovereign immunity.

Defendant does also argue that the Court lacks jurisdiction to hear Perry's case because she was required to name the Secretary of the Department of Veterans Affairs, but she improperly

---

[1] As discussed in Section III of this Order, the Court resolves Defendant's Motion on the issue of subject matter jurisdiction. Therefore, the Court need not consider whether Perry has failed to state a claim upon which relief may be granted.

named the Department of Veterans Affairs as the Defendant instead.  (Doc. No. 5 at PageID 36-37.)  Yet, in the caption of her Complaint, Perry names Secretary Douglas A. Collins and her summons form reflects the same.  (Doc. No. 1 at PageID 1; Doc. No. 1-2.)  Secretary Collins' name just appears not bolded, whereas the Department of Veterans Affairs is bolded.  (Doc. No. 1 at PageID 1.)  The concern that this is not a proper naming of the Defendant here amounts to little more than a formatting issue and the Court will not find a lack of subject matter jurisdiction on such grounds.[2]  Nevertheless, Defendant's contentions regarding sovereign immunity stand on firmer ground, and so, the Court must address the jurisdictional bar of sovereign immunity before it can discern whether Perry has adequately stated a meritorious claim.  *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023) (citing *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015)) (acknowledging sovereign immunity as a "jurisdictional bar that, once raised as a jurisdictional defect, must be decided before the merits" (internal quotation marks omitted)).

Having framed the issue at hand then, the Court turns to the Parties' arguments as they pertain to Defendant's sovereign immunity.  Defendant invokes his immunity from suit under the Eleventh Amendment, arguing that Perry's Complaint alleges a dispute that federal district courts are not authorized to hear under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*  (Doc. No. 5 at PageID 35-36.)  Specifically, Defendant argues that his sovereign immunity is not waived by Title VII in this case, as that statute only allows for enforcement actions and *de novo* review on both liability and damages.  (*Id.*)  Where Perry only challenges the damages award reached by Defendant's Office of Resolution Management, she neither seeks enforcement nor *de novo* review.  (*Id.*)  Instead, Defendant says, Perry has filed her Complaint seeking a partial review, for which the government's sovereign immunity is not expressly waived.  (*Id.*)

---

[2] The Court shall direct the Clerk of Court to modify the case caption for the sake of clarity.

Meanwhile, Perry responds that a review of the administrative decision on damages is a *de novo* review here and, at any rate, her suit is authorized by the Administrative Procedure Act (the "APA"), 5 U.S.C. § 702, *et seq.* (Doc. No. 8 at PageID 47-48.)

As a rule, "'[t]he doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit.'" *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 425 (6th Cir. 2016) (quoting *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997)). "Such a waiver must also be 'unequivocally expressed' in the statutory text." *Dep't. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) (citing *Lane v. Peña*, 518 U.S. 187, 192 (1996)). Indeed, the subject statutory text "must be 'strictly construed, in terms of its scope, in favor of the sovereign.'" *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021) (quoting *Lane* 518 U.S. at 192; citing also *Orff v. United States*, 545 U.S. 596, 601-02 (2005)).

Along these lines, the Court is sure that Perry cannot possibly invoke a waiver of Defendant's sovereign immunity by way of the APA. True, "the APA provides a broad waiver of sovereign immunity." *Haines*, 814 F.3d at 425 (citation and internal quotation marks omitted). But, the language of the APA clearly states that its waiver of sovereign immunity only applies to suits "seeking relief other than money damages." 5 U.S.C. § 702. Perry only seeks money damages. To be sure, taking Perry's allegations as true, the Court is hard-pressed to envision a scenario where Perry could be made whole by any relief besides money damages. As such, Perry's position that "[t]his action is authorized by the [APA], 5 U.S.C. § 702 and § 704," is without merit.

Although not as clearly meritless as her APA argument, Perry has likewise failed to allege a waiver of Defendant's sovereign immunity under Title VII. A federal employee ultimately has the right to bring a civil action against her agency-employer: (1) "if aggrieved by the final

disposition of" her administrative complaint; or (2) if her agency-employer fails "to take final action on [her] complaint." 42 U.S.C. § 2000e-16(c).  Regulations clarify that federal employees seeking judicial review of a final administrative action may bring "a civil enforcement action for enforcement … pursuant to Title VII …," obtain review of "the agency's refusal to implement the ordered relief," or "commence *de novo* proceedings pursuant to the appropriate statutes."  29 C.F.R. § 1614.503(g).  This leaves federal employees with two general avenues for judicial review in Title VII employment actions: they may challenge their employer-agency's failure to properly carry out an administrative order for relief to the federal employee or the employee may pursue a *de novo* review of their administrative complaint.  *See e.g.*, *Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003) (citing 29 C.F.R. § 1614.503(g)).

Where a federal employee brings a Title VII action vying for more relief than she was awarded in an administrative action, the employee's claim must be subject to *de novo* judicial review.  *See id.*  Furthermore, the overwhelming weight of authority indicates that such a judicial review of administrative decisions must encompass issues of both liability *and* damages.  *Gryder v. Duffy*, No. 24-5878, 2025 WL 2807058, at *3 (6th Cir. Aug. 5, 2025) ("[A] plaintiff in a *de novo* civil action must put at issue both the [agency's] liability determination … and its finding with regard to remedies"); *Timmons*, 314 F.3d at 1235 ("[A] district court, which under the applicable statutes, must 'find' discrimination prior to awarding relief, cannot award new relief or expand the relief already awarded, without first determining for itself whether the alleged discrimination has occurred"); *Scott v. Johanns*, 409 F.3d 466, 470 (D.C. Cir. 2005) ("[I]n a federal-sector Title VII case, any remedial order must rest on judicial findings of liability and nothing in the statute's language suggests that such findings are unnecessary in cases where a final administrative disposition has already found discrimination and awarded relief"); *Laber*, 438 F.3d at 424 ("[I]n

order properly to claim entitlement to a more favorable remedial award, the employee must place the employing agency's discrimination at issue"); *Dellinger v. Potter*, No. 3:08-cv-219, 2009 WL 2243834, at *6 (S.D. Ohio Jul. 22, 2009) ("*De novo* actions require litigation of all questions of fact and issues of law—as if there had been no trial in the first instance" (citation and internal quotation marks omitted)).

At present, Perry incorrectly believes she should be entitled to a partial review insofar as she would keep the administrative decision finding she was subjected to *per se* reprisal, but challenge the agency's administrative determination on damages.  The law is clear and unambiguous; Perry simply does not have the option to pursue such a partial review of her Title VII claims.  Contrary to Perry's assertion, that Defendant did not appeal the underlying decision on liability is irrelevant because federal agencies do not have the right to appeal final administrative decisions under Title VII to begin with.  If this case was ever to reach the courthouse steps, it has always been Perry's place to make it so.  Additionally, it strains credulity to think that a review of Defendant's final administrative decision regarding Perry's damages is a *de novo* review here.  The decision itself recognizes that its findings are supplemental to a prior liability determination.  (Doc. No. 1 at PageID 4.)  Indeed, damages do not even exist without liability.

The Court finds then that, in seeking a partial review, Perry has failed to demonstrate a waiver of Defendant's sovereign immunity under Title VII.  The Court strictly construes Title VII's waiver of sovereign immunity and Perry's allegations fall well outside its scope.  The Court thus finds that it lacks subject matter jurisdiction to hear Perry's case.  As the Court decidedly lacks subject matter to consider Perry's allegations on their merits, the Court need not determine whether the Complaint states a claim.

Still, in her responsive briefing, Perry offhandedly requests leave to amend her Complaint and the Court is inclined to afford her that opportunity. The Court is compelled by the Federal Rules of Civil Procedure to "freely give leave [to amend] when justice so requires." This case involves a scenario where it may be fundamentally unjust not to give Perry a second bite at the apple. Her claims succeeded in part at the administrative level, so the Court assumes that her allegations pertaining to Defendant's liability carry at least some merit worthy of *de novo* adjudication. That Perry's Complaint does not properly restate her administrative complaint speaks more to the skill with which her current Complaint was pled than anything else. Luckily, Perry submits that she stands ready to relitigate Defendant's administrative decision on the issue of liability if she must. (Doc. No. 8 at PageID 48.) She must. Consequently, although the Court finds Defendant's Motion to be well-founded, Perry shall be granted leave to amend her Complaint, as set forth below.

## IV. <u>CONCLUSION</u>

In accordance with the foregoing, the Court hereby **SUSTAINS** Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. No. 5), but Perry is **GRANTED LEAVE TO AMEND** her Complaint within fourteen (14) days of this Order, on or before **Tuesday, May 26, 2026**. No extensions of time to file an amended complaint shall be granted, absent a substantial showing of good cause supported by a sworn affidavit of Plaintiff's counsel describing the circumstances necessitating additional time. Lastly, for the sake of clarity, the Clerk is hereby **DIRECTED** to modify the named defendant in this case to read as follows:

> **Department of Veterans Affairs,**
> **Douglas A. Collins, Secretary**

8

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, May 12, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE